IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:16-CR-21-BO
NO. 4:17-CV-02-BO

| | |
|---|---|
| ERIC J. RODRIGUEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | O R D E R |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 38] and the government's motion to dismiss [DE 42]. For the reasons discussed below, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On July 29, 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to counts one and three of his indictment: possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1)( and 924, and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 924(c)(A)(i). Petitioner was sentenced on November 10, 2016 to a term of 54 months' imprisonment on count on and 60 months' imprisonment on count three, consecutive, for a total of 114 months. Petitioner did not appeal his judgment. Petitioner has now filed a motion under § 2255, alleging that he received ineffective assistance of counsel. Petitioner claims his attorney improperly advised him regarding count three, failed to investigate the law, and failed to file a motion to suppress.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has made three arguments about his attorney. Two relate to his § 924(c) conviction, and the third relates to counsel's failure to file a motion to suppress the results of a search.

Petitioner's two § 924(c) arguments are essentially that the facts of his case were insufficient to sustain a conviction on that count. To be convicted of possessing a firearm in furtherance of a drug trafficking offense, there must be a nexus between the drug offense and the

firearm. Petitioner argues that there was no nexus in his case, and so his counsel's advice that he should plead guilty to the charge constituted ineffective assistance of counsel.

Whether a firearm furthered, advanced, or helped forward a drug trafficking crime is a factual question. *United States v. Lomax*, 293 F.3d 701, 705 (4th. Cir. 2002). Petitioner's attorney's decision not to put the issue before a jury was a strategic choice. *See Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009). Based on the evidence in this case, in which defendant was found in possession of ammunition, cocaine, digital scales, baggies, currency, and a gun, that decision does not fall below an objective standard of reasonableness. Nor is there a reasonable probability that the result of the proceeding would have been different had the question been put before a jury. Therefore, petitioner's *Strickland* claims on these grounds fail.

Petitioner also argues that counsel failed to move to suppress evidence that resulted from an illegal search. Not filing a motion to suppress was a strategic choice. *See Powell v. Kelly*, 562 F.3d 656, 670 (4th Cir. 2009). Petitioner pleaded guilty pursuant to a written plea agreement that included the dismissal of count two of his indictment. He provided a written statement acknowledging that he possessed the gun and received a downward adjustment for acceptance of responsibility. This indicates that counsel's decision was not objectively unreasonable, nor is it likely that a different decision would have resulted in a different outcome. Petitioner's *Strickland* claim on this basis is dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise

3

debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 42] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 38] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the __1__ day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE